IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO BRADLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-0119-K-BK |
| | § | |
| PITNEY BOWES INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3*, this case has been referred to the undersigned for pretrial management. The case is now before the Court on Defendant's *Preliminary Motion for Summary Judgment and Brief in Support* (Doc. 18). Following review of the relevant pleadings and applicable law, the Court recommends that Defendant's motion be **GRANTED**.

**I. BACKGROUND**

Plaintiff, Alonzo Bradley, filed this *pro se* action against his former employer, Pitney Bowes, alleging harassment, retaliation, discharge, and failure to reinstate him based on his status as an African-American, and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981. (Doc. 1 at 2-4). He also contended that Defendant retaliated against his co-worker and best friend, who also is African-American. (*Id.* at 3-4). Plaintiff additionally raised a state law claim for intentional infliction of emotional distress ("IIED") based on the discrimination. (*Id.* at 5). In June 2011, this Court granted Defendant's *Motion for Leave to File Preliminary Motion for Summary Judgment* so that Defendant could address the threshold issue of *res judicata* without the need for discovery. (Doc. 17). Defendant has now

filed its *Preliminary Motion for Summary Judgment*, and the motion is ripe for adjudication.

## II.  APPLICABLE LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

### A.  Discrimination Claims Barred by *Res Judicata*

In its *Motion for Summary Judgment*, Defendant argues that Plaintiff previously sued it in state court for terminating his employment, and that action was dismissed on summary judgment. (Doc. 18 at 1).  Thus, Defendant argues, Plaintiff's current suit is barred by *res judicata* because (1) the state court entered a final order against Plaintiff; (2) the identical parties were involved in that suit; and (3) Plaintiff's federal claims were either raised, or could have been raised, in the state court action.  (*Id.* at 3-8).

Plaintiff responds that his state and federal causes of action are based on different legal theories and thus the current action is not barred by *res judicata*.  (Doc. 19 at 1-6).  He also argues that he can establish a *prima facie* case of race discrimination.  (*Id.* at 9-12).

Because the prior judgment at issue is from a Texas state court, this Court must give that

judgment the preclusive effect it would be given under Texas law. *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quotation omitted). In Texas court, a party seeking to have an action dismissed based on *res judicata* must show (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised or on claims that could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992).

      Texas courts apply the "transactional" approach to determine whether a second action is based on the same claims as the first action. *Id.* at 630-631. Under this approach, the subject matter of the suit is determined based on the factual matters that make up the gist of the complaint, and any claim that arises out of those facts should be litigated in the same lawsuit. *Id.* A different cause of action, as required to avoid the *res judicata* bar, is "one that proceeds not only on a sufficiently different legal theory but also on a different factual footing." *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 777 (5th Cir. 1984). Thus, an employee's state law action for wrongful discharge and his subsequent federal action based on discrimination are successive actions arising out of the same transaction, and the federal action is barred by *res judicata*. *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1253-54 (5th Cir. 1991).

      In this case, Plaintiff does not dispute that the first and second prongs of the *res judicata*

test have been met. Instead, his focus is on the third prong, specifically whether the facts involved in his state court and federal court cases are sufficiently similar. The Court concludes that they are. In September 2009, Plaintiff filed a second amended complaint in state court, contending that Defendant had fired him in May 2009 for contesting the garnishment of his wages and then gave him a false reason for his discharge. (Doc. 12 at App. 1-4). In November 2009, Plaintiff filed an EEOC charge of discrimination, alleging that Defendant had wrongfully discharged him based on his race. (Doc. 13 at App. 367, 369). He received his right-to-sue letter from the EEOC in April 2010. (Doc. 19 at 2). In August 2010, the state court summarily granted Defendant's motion for summary judgment and thereby dismissed Plaintiff's claim that Defendant had wrongly terminated him for contesting the garnishment action.[1] (Doc. 12 at App. 10-11).

      The basis for Plaintiff's complaint in both the state and federal court is that Defendant unlawfully discharged him, albeit based on two different motives. Nevertheless, the claims arise from the same core set of facts because the suits focus on one crucial issue: Whether Defendant had a legitimate and lawful reason for terminating Plaintiff. This is sufficient to establish that the federal and state actions arose out of the same subject matter. *Hogue*, 939 F.2d at 1253-54. Moreover, the race discrimination claim was known to Plaintiff during the pendency of his state court action as evidenced by his filing an EEOC complaint six months before his state court case was dismissed. Plaintiff even stated during his state court deposition that he was choosing to bring his race discrimination claim in federal court because he thought that was the better venue.

---

[1] While Plaintiff notes that his state court case is on appeal, (Doc. 18 at 2), the trial court's judgment nevertheless is final for *res judicata* purposes. *Scurlock Oil Co. v. Southwick*, 724 S.W.2d 1, 6 (Tex. 1986).

(Doc. 12 at App. 192-93).  Because the discrimination claim was known to Plaintiff during the pendency of his state court case and was based on the same central facts, he was required to bring that claim in the state court action.  *See Barr*, 837 S.W.2d at 630.  Moreover, it makes no difference that Plaintiff had not yet received a right-to-sue letter from the EEOC at the time he initially sought relief in state court because he could have either requested a stay of the state court action while he waited for his right-to-sue letter or moved to amend his complaint once he received his right-to-sue letter.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) (citing cases).  Accordingly, Defendant is entitled to summary judgment on Plaintiff's race discrimination claim.

    **B.**    **Intentional Infliction of Emotional Distress and McElroy Claims**

Defendant next argues that Plaintiff's IIED claim is barred because it is based on the same facts that underlay his discrimination complaint.  (Doc. 18 at 9-10).  Plaintiff does not respond to this argument and thus has abandoned his IIED claim.  *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).  Therefore, Defendant is entitled to summary judgment on this claim.

    **C.**    **Third Party Discrimination Claims**

To the extent Plaintiff is asserting a retaliation claim on behalf of his friend Jerry McElroy, Defendant maintains that the claim fails because McElroy cannot make out a *prima facie* case.  (Doc. 18 at 10-11).  Plaintiff responds that McElroy has established a *prima facie* case of retaliation under Title VII because (1) McElroy engaged in protected activity by testifying against Defendant in support of Plaintiff's race discrimination case; (2) Defendant terminated McElroy under false pretenses; and (3) there was a causal connection between the termination

and McElroy's protected activity.  (Doc. 19 at 8-9).

Before considering the merits of this claim, the Court may *sua sponte* examine Plaintiff's standing to assert the claim on McElroy's behalf.  *Bauer v. Texas*, 341 F.3d 352, 354 (5th Cir. 2003).  Beyond constitutional requirements, federal courts also adhere to certain prudential principles of standing.  *Id.* at 357.  These principles dictate that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  A litigant may only bring an action on behalf of a third party if (1) the litigant suffered an "injury in fact"; (2) the litigant has a close relationship to the third party; and (3) there is some hindrance to the third party's ability to protect his or her own interests.  *Powers v. Ohio*, 499 U.S. 400, 411 (1991).  Even assuming that Plaintiff satisfies the first two prongs of this test, he does not allege, nor can the Court discern, any impediment to McElroy protecting his own legal interests.  *See generally Thompson v. North American Stainless, LP*, 131 S. Ct. 863, 870 (2011) (employee had standing to sue where he alleged he was fired in retaliation after his fiancée, who also worked for employer, filed a discrimination complaint).  Accordingly, the Court should not pass on the merits of any claim that McElroy may have against Defendant, and Defendant is entitled to summary judgment of dismissal on the claim.

## III.  CONCLUSION

For the reasons set forth above, Defendant's *Preliminary Motion for Summary Judgment and Brief in Support* (Doc. 18) should be **GRANTED**.

**SO RECOMMENDED** on August 22, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE